COLÓN, PLAINTIFF AND APPELLEE, *v.* POU ET AL., DEFENDANTS (POU, APPELLANT).

APPEAL from the District Court of Ponce in an Action of Debt.

No. 1959.—Decided April 4, 1919.

PROMISSORY NOTE — PLEADING — EVIDENCE — VARIANCE. — The complaint in this case set up that the promissory note sued on was made by the defendants in favor of the plaintiff, but the evidence showed that the note was originally

drawn in favor of another person from whose heirs the plaintiff acquired it. *Held:* That the variance between the complaint and the evidence, if any, was so immaterial as to fall under sections 136 and 142 of the Code of Civil Procedure.

ID.—ID.—AMENDMENTS—JOINT DEBTORS.—When two persons sign a promissory note as joint and several principals the court commits no error or abuse of its discretion in denying an amendment to the answer to the effect that one of the defendants who signed the note was only a surety of the other and that this fact was known to the plaintiff.

The facts are stated in the opinion.

*Mr. Carlos Brunet* for the appellant.

*Mr. Arturo Ortiz Toro* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

At the trial in this case it transpired that appellant Lucas Pou in conjunction with Luis P. Valdevieso jointly and severally executed a promissory note in the sum of $300 and interest. The name of the payee was left in blank, but the note was delivered to the complainant, Ramón Colón Alvarez, for negotiation. He took it to Leopoldo Cabassa who, after some demur on account of the financial responsibility of the makers, finally agreed to accept the note. Leopoldo Cabassa died soon after and the appellee, after an interview or so with the Succession of Cabassa and feeling under a moral obligation to relieve the said succession of the note, took it off their hands. This second delivery took place after the maturity of the note. The appellee filled in his own name on the note and brought suit on it as if he were the original payee.

During the trial he offered to amend his complaint to show the facts exactly as they occurred, but, the defendants objecting, he let the complaint stand, on the theory, as we understand it, that the variance, if any, was immaterial. After the development of the facts at the trial the defendants asked leave to amend their answer to allege in effect that defendant Pou was only the surety for defendant Valdivieso and that the appellee well knew the relation between the sa; defendants. The answer as filed had, so far as it was spo-

cific, merely denied that the defendants had executed the note as described in the complaint. The court refused the amendment and rendered judgment for the complainant as prayed in the complaint. The assignments of error are founded on an alleged variance and the denial of the amendment to the answer.

There was no variance. When the complainants delivered the note in blank it was an authorization or mandate for anyone into whose hands it fell to fill in his own name. And this was true as well before as after maturity, as the only additional defences open to a maker after maturity are those he might have had against the person who accepted the note, in this case Cabassa or his succession. The filling in of the name of the holder has no relation to such defences.

Furthermore, when the appellee purchased the note from the Succession of Cabassa he bought all their rights and actions, and the fact that he sued in his name, supposing it to be a variance, was so immaterial as to fall under sections 136 and 142 of the Code of Civil Procedure, as follows:

"Sec. 136.—No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actualy misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that the party has been so misled, the court may order the pleading to be amended, upon such terms as may be just."

"Sec. 142.—The court must in every state of an action disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

There was no error or abuse of discretion in refusing to let the defendants amend. Their undertaking as to any holder or acceptor was as principals jointly and severally. They offered the note as drawn on that theory, and that was their obligation to pay.

On the facts as developed the appellee, by buying the

note from the Succession of Cabassa, acquired the rights of the latter.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.